UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDIT SUISSE LENDING TRUST (USA), CREDIT SUISSE LENDING TRUST (USA) 5, and PRIMARY MASTERBAREAF PTC LIMITED, on behalf of and as trustee of the CSSEL GUERNSEY BARE TRUST,<br><br>           Plaintiffs,<br><br>    v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>           Defendant. | Case No. 2:20-cv-02516-CAS(GJS)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>[Discovery Matter Referred to Judge Standish]<br><br>Judge: Hon. Christina A. Snyder<br><br>Magistrate Judge: Hon. Gail J. Standish |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of confidential and proprietary actuarial, business, technical, and financial information of Plaintiffs Credit Suisse Lending Trust (USA), Credit Suisse Lending Trust (USA) 5, and Primary MasterBareAF PTC Limited, on behalf of and as trustee of the CSSEL Guernsey Bare Trust (collectively, "Plaintiffs"), and Defendant Transamerica Life Insurance Company ("TLIC"), for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, Plaintiffs and TLIC hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve trade secrets, insured individuals' medical data, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under any state or federal statute, court rule, case decision or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of any dispute over confidentiality of discovery materials, to

1

adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of discovery and trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C.     <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The Parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Protective Order does not entitle any of them to file confidential information under seal; Local Civil Rule 79-5 and the Court's Guide to Electronically Filing Under Seal Documents in Civil Cases set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc*., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).  A specific showing of good cause or compelling reason with proper evidentiary support and legal justification must be made with respect to Protected Material that a Party seeks to file under seal.  A Party's mere designation of Disclosure or Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" does not—without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reason, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with discovery motion practice, a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.  <u>DEFINITIONS</u>

    2.1.  <u>Acknowledgment</u>:  the "Acknowledgment and Agreement to be Bound" form attached as Exhibit A to this Order.

    2.2.  <u>Action</u>: *Credit Suisse Lending Trust (USA), Credit Suisse Lending Trust (USA) 5, and Primary MasterbareAF PTC Limited, on behalf of and as trustee of the CSSEL Guernsey Bare Trust v. Transamerica Life Insurance Company*, Case No. 2:20-cv-02516-CAS(GJSx).

    2.3.  <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.4.    "CONFIDENTIAL" Information or Items:  Confidential proprietary or commercially sensitive business and financial information, trade secrets, and personal information which is not generally known or publicly available and which the Designating Party would not normally reveal to a third party or information that otherwise meets the standard for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this Action.

2.5.    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6.    Designating Party:  A Party or Non-Party that designates information or items that it produces or that are produced in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.9.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Extremely sensitive "CONFIDENTIAL" Information or

Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. By designating Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party affirms that its counsel of record in this Action has complied with the standard of care set forth in section 5.1 below.

 2.10. <u>House Counsel</u>:  Attorneys who are employees, contractors, or secondees of a Party, any affiliate thereof, or of an entity that owns an interest in a Party and is responsible for controlling, directing or advising on the Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

 2.11. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

 2.12. <u>Outside Counsel of Record</u>:  Attorneys who are not employees, contractors, or secondees of a Party to this Action but who are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

 2.13. <u>Party</u>:  Any party to this Action, including its House Counsel, officers, directors, employees, consultants and retained experts.

 2.14. <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

 2.15. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

 2.16. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1    2.17.  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery

2    Material from a Producing Party.

3        2.18.  <u>Related Actions</u>: "Related Actions" means (1) *Feller v. Transamerica*

4    *Life Insurance Company*, Case No. 2:16-cv-01378-CAS (C.D. Cal); (2) *EFG Bank*

5    *AG, Cayman Branch, et al. v. Transamerica Life Insurance Company*, Case No.

6    2:16-cv-08104 CAS-GJSx (C.D. Cal); (3) *LSH Co., et al. v. Transamerica Life*

7    *Insurance Company*, Case No. 2:18-cv-09711-CAS-KS (C.D. Cal.); (4) *Brighton*

8    *Trustees, LLC, et al. v. Transamerica Life Insurance Company*, Case No. 2:19-cv-

9    04210-CAS-GJS (C.D. Cal.); (5) *The Wolf 2005 LLC v. Transamerica Life*

10    *Insurance Company*, Case No. 2:17-cv-00994-CAS-GJSx (C.D. Cal); (6) *Wells*

11    *Fargo Bank, National Association v. Transamerica Life Insurance Company*, Case

12    No. 2:19-cv-06478-CAS-GJS (C.D. Cal.); (7) *Wells Fargo Bank, National*

13    *Association v. Transamerica Life Insurance Company*, Case No. 2:19-cv-06791-

14    CAS-GJS (C.D. Cal.); and (8) *Steven Draeger, et al. v. Transamerica Life*

15    *Insurance Company*¸ Case No. 2:19-cv-10478-CAS-GJSx.  If Plaintiffs amend the

16    complaint to include claims on policies subject to the 2017-2018 MDR increases,

17    then "Related Actions" shall thereafter include *Thompson v. Transamerica Life Ins.*

18    *Co.*, Case No. 2:18-cv-05422-CAS-GJSx (C.D. Cal.).

19    3.    <u>SCOPE</u>

20        The protections conferred by this Order cover not only Protected Material (as

21    defined above), but also (1) any information copied or extracted from Protected

22    Material; (2) all copies, excerpts, summaries or compilations of Protected Material;

23    and (3) any testimony, conversations, or presentations by Parties or their Counsel or

24    any of its Experts that reveals Protected Material. Any use of Protected Material at

25    trial shall be governed by the orders of the trial judge. This Order does not govern

26    the use of Protected Material at trial.

27    4.    <u>DURATION</u>

28        FINAL DISPOSITION of the action is defined as the conclusion of any

appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run. Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action. The parties may stipulate that the they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

While mass, indiscriminate or routinized designations are prohibited, the Parties recognize that manually analyzing and designating large numbers of documents one-by-one for confidentiality can be an unduly burdensome task. The

Parties agree that each Party may reasonably rely on metadata information and good-faith searches to designate documents for protection. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) that are not remediated by the Designating Party after notice may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the

Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     any Party may designate as Protected Material testimony given in a deposition or in other pretrial or trial proceedings by informing the reporter during the deposition or by sending a letter to all Outside Counsel of Record and to the deposition reporter designating by page and line any portions of the transcript to be so restricted, or the entire transcript if applicable, within thirty (30) days after receiving the deposition transcript and specifying the level of protection being asserted.

During this 30-day period, a transcript will be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

When deposition testimony is designated Protected Material by informing the reporter during the deposition, the transcript containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the

Acknowledgment are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or any item does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4   <u>Protected Health Information.</u>  Additionally, certain Confidential Information or Items may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR 160.103.  Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual.  All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI to all attorneys now of record in this Action or who may become of record in the future in this Action.  Subject to the Federal Rules of Civil

Procedure, and without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit or disclose PHI relevant to the claims at issue in this Action, subject to all terms of this Order.  All PHI disclosed under this Order must be designated as Confidential Information pursuant to this Order.  A Receiving Party which receives PHI in discovery shall not use or disclose such PHI for any purpose other than this Action.  To the extent documents or information produced in this Action have already been exchanged or will again be exchanged between the Parties in the normal course of business, treatment of such documents prior to or after the conclusion of this Action shall be governed by this Order.

     5.5   <u>Specific Provisions Concerning the Disclosure of Personally Identifiable Information ("PII")</u>.  When PII (e.g., names, addresses, Social Security numbers, phone numbers, etc.) is disclosed between the Parties as authorized by this Order, the PII of any individuals whose claims are not at issue in this Action and who are otherwise identified in the Discovery Material may either be redacted to protect the identity of such individuals, or produced without redactions.  Upon receipt of any PII, a Receiving Party shall take all reasonable measures necessary for protecting the PII from unauthorized disclosure as required under both state and federal law.  To the extent disclosure of any PII requires a Producing Party, including, third parties, to obtain a Court-ordered subpoena or to give notice or obtain consent, in any form or manner, from any person or entity before disclosure of the PII, the Court finds that, in the view of the protections provided for the information disclosed in this Order, the volume of Discovery Material to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement and, this Order shall constitute an express direction that the Producing Party is exempted from obtaining a Court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of the PII.

11

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous designations or challenges, and those designations or challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the respective Designating Party or Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a

Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Notwithstanding anything in this Order, to the extent documents produced by TLIC in the Related Actions were originally produced using the Bates numbers from those Related Actions, and depositions taken against TLIC or TLIC-affiliated witnesses in the Related Actions, such documents and depositions will be produced in this Action in accordance with the procedures agreed to by the parties in the Stipulated Order Regarding Electronically Stored Information and Document Production where applicable, as well as the Federal Rules of Civil Procedure and the Federal Rules of Evidence as to admissibility.  The treatment of Confidential Material in those documents and depositions in this Action will be governed by this Order. The Parties further stipulate that Confidential Information produced by TLIC in the Related Actions only but excluded from this Action (i.e., owner specific documents or class data) may be disclosed to Outside Counsel of Record for Plaintiffs subject to the terms of this Agreement for the sole purpose of reviewing transcripts from depositions taken in the Related Actions and reducing litigation costs incurred through document hosting platforms.

7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Subject to Section 7.4 herein, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the Receiving Party, including officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably

necessary for this Action;

(c) the Receiving Party's parents and affiliates, and their respective officers, directors, employees, consultants, advisors, insurers and/or reinsurers (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the Acknowledgment;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(e) the Related Actions plaintiffs' counsel only as to Protected Material in or derived from documents with a Related Action Bates number if such Protected Material already has been disclosed to such counsel;

(f) the Court and its personnel;

(g) court reporters and their staff;

(h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgement;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) during a deposition, the witness and attorneys for the witness in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the Acknowledgment; and (2) such witness and attorneys for such witness will not be permitted to keep any confidential information unless each signs the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the Court; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions and who have signed the Acknowledgment.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" Information or Items.  Subject to Section 7.4 herein, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for this Action;

        (b)    House Counsel and up to two (2) additional officers, directors, employees, consultants, advisors, insurers and/or reinsurers of TLIC, if it is a Receiving Party, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); a House Counsel who is a member of the Bar of any state in the United States need not sign the Acknowledgment;

        (c)    House Counsel and up to fifteen (15) additional officers, directors, employees, consultants, and advisors of Plaintiffs and any of Plaintiffs' parents or affiliates, combined, if they are a Receiving Party, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); a House Counsel who is a member of the Bar of any state in the United States need not sign the Acknowledgment;

        (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

        (e)    the Related Actions plaintiffs' counsel only as to Protected Material in or derived from documents with a Related Action Bates number if such Protected Material already has been disclosed to such counsel;

        (f)    the Court and its personnel;

        (g)    court reporters and their staff;

        (h)    professional jury or trial consultants, mock jurors, and

Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgement;

        (i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (j)     during a deposition, the witness and attorneys for the witness in the Action to whom disclosure is reasonably necessary provided the witness signs the Acknowledgment; and

        (k)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the Acknowledgment.

    7.4   <u>Related Action Plaintiffs</u>.  Plaintiffs may share and discuss documents produced in this Action with plaintiffs in any of the Related Actions, so long as such documents were also produced and Bates-stamped to the plaintiffs in the Related Actions by TLIC, and plaintiffs in the Related Action may share and discuss with Plaintiffs documents produced and Bates-stamped in the Related Actions by TLIC so long as such documents were also produced to Plaintiffs in this Action by TLIC (collectively, the "Shared Documents").  The limitations on categories of individuals able to view any documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as described in Sections 7.2 and 7.3 herein, shall apply equally to any recipient of Shared Documents under this Section as if the recipient had received documents in this Action

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) otherwise comply with any applicable HIPAA rules or regulations with respect to any response or production in connection with a discovery request or subpoena.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

For the avoidance of doubt, and subject to paragraph 8(a)-(d), nothing in this Order shall be construed to preclude a Receiving Party from disclosing any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any regulatory agency, regulatory body, self-regulatory agency or government office or agency having jurisdiction over the Receiving Party without notice to the Designating Party, provided that such information or item is responsive to a statutorily-authorized request from a regulatory

agency, regulatory body, self-regulatory agency or government office or agency having jurisdiction over the Receiving Party.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by any Non-Party in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to each Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection (e.g., work product immunity), the obligations of each Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall provide written notice to each Party who has received such information.  If the Receiving Party does not timely challenge the assertion of privilege, then within ten (10) business days of the date of that written

notice, the documents or materials described in that notice ("Privileged Documents") shall be returned to counsel for the Producing Party, sequestered, or destroyed by the Receiving Party, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the Privileged Documents ("Privileged Notes") shall be sequestered or destroyed by the Receiving Party. No use shall be made of such documents or materials from such inadvertent production during deposition or at trial, nor shall such documents or materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.

If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this ten-day period, explaining the grounds for its challenge, and sequester the Privileged Documents and Privileged Notes. The Receiving Party shall initiate the dispute resolution process under Local Rule 37.1 within ten (10) business days of date of service of the Receiving Party's notice disputing a claim of inadvertent production.

If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any Privileged Documents in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure. Pending the Court's ruling, the Party challenging the assertion of privilege shall sequester the Privileged Documents and Privileged Notes and shall not make any use of such information.

12.  MISCELLANEOUS

12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except such material that exists on back-up tapes or similar storage and systems, in which case such material need not be immediately deleted or destroyed, and instead, should be overwritten and destroyed in the normal course of business.  Until that material is overwritten and destroyed in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

deposition and hearing transcripts, legal memoranda, correspondence, deposition

and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective

Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 7, 2021       ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/* Khai LeQuang
         Khai LeQuang

Attorneys for Plaintiffs
CREDIT SUISSE LENDING TRUST (USA),
CREDIT SUISSE LENDING TRUST (USA)
5, and PRIMARY MASTERBAREAF PTC
LIMITED, on behalf of and as trustee of the
CSSEL GUERNSEY BARE TRUST

Dated: April 7, 2021       McDOWELL HETHERINGTON LLP

By: */s/* Hutson B. Smelley
         Hutson B. Smelley

Attorneys for Defendant
TRANSAMERICA LIFE INSURANCE
COMPANY

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: May 5, 2021

HON. GAIL J. STANDISH
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Protective Order that was

issued by the United States District Court for the Central District of California on

_____ [date] in the case of *Credit Suisse Lending*

*Trust (USA), Credit Suisse Lending Trust (USA) 5, and Primary MasterbareAF*

*PTC Limited, on behalf of and as trustee of the CSSEL Guernsey Bare Trust v.*

*Transamerica Life Insurance Company*, Case No. 2:20-cv-02516-CAS(GJSx).  I

agree to comply with and to be bound by all the terms of this Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with the provisions of this

Protective Order.  I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____